Mr. Percy L. Wilburn Chief of Police P.O. Box 725 Lake Village, AR 71653
Dear Chief Wilburn:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA"). You have asked for my opinion, pursuant to A.C.A. § 25-19-105 (c)(3)(B) (Supp. 1999)), as to whether your decision concerning the release of certain records is consistent with the FOIA. You have provided a copy of the records, which I assume have been compiled in response to the FOIA request. You state that you consider the request to involve personnel records, and that you consider the records to be exempt under the personnel records exception (A.C.A. § 25-19-105(b)(10)) because they contain medical information.
RESPONSE
It is my opinion that the correctness of your decision turns on the proper characterization of the records in question. This in turn depends upon the particular circumstances surrounding their creation. Because this requires a factual determination, I am unable to conclusively evaluate the correctness of your decision that the records are exempt from public inspection. I will, however, set forth what in my view is the applicable legal framework for the factual analysis. If, after applying these legal principles, you determine that the records are in fact open under the FOIA, then it is my opinion that you should nevertheless remove the references to the employee's medical condition based upon either the medical records exception in the FOIA or the constitutional right to privacy.
You have not indicated on what basis you consider the records in question to be personnel records. This office has consistently opined that the location of documents should be irrelevant when considering the application of particular exemptions under the FOIA. See, e.g., Op. Att'y Gen. 92-237 at n. 2 (completed law enforcement investigation records that have been forwarded by the investigating agency to another assisting agency remain exempt as long as they are part of a continuing investigation). Thus, assuming that these records are contained in the employee's personnel file, it must be recognized that this does not necessarily mean that they constitute personnel records under the FOIA.See Op. Att'y Gen. Nos. 97-190 and 97-063. Indeed, my review of the records suggests that they likely constitute either job performance or evaluation records, or law enforcement investigation records.
I base this observation upon the fact that these records were apparently created at your request in connection with a particular incident that occurred within your Department. It is possible that the records are properly characterized as employee evaluation records, if in fact they were created for purposes of an internal investigation conducted by your Department. See, e.g., Op. Att'y Gen. 2000-130 (report created as a part of an investigation into an employee's conduct and detailing an incident that gave rise to an allegation of misconduct likely constitutes an "employee evaluation/job performance record," rather than a "personnel record.") See also Op. Att'y Gen. Nos. 98-001, 96-342, and 96-257. Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
I do not know whether the employee in this instance is still employed at the Department, or, if not, what circumstances surrounded her departure. I thus lack much of the information necessary to fully discuss the exemption under § 25-19-105(c)(1). I have, however, for your convenience, enclosed a previous opinion (No. 2000-130) which further elaborates upon the three conditions for releasing evaluation or job performance records. If this employee was never suspended or terminated, and it is determined as a factual matter that the records constitute evaluation or job performance records, then the records are exempt from public inspection. Id.
There is another possibility regarding the proper characterization of these records. They may have been created as part of a criminal investigation by a law enforcement agency. If that is the case, then the so-called "law enforcement" exemption may prevent their disclosure. In accordance with A.C.A. § 25-19-106(b)(6), "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity" are not subject to inspection by the public. The exemption reaches only those records of an investigatory nature and only applies so long as the investigation is "ongoing." See generally Hengel v. City of Pine Bluff,307 Ark. 457, 821 S.W.2d 761 (1991). I am uncertain from the face of these records whether they were in fact created as part of a criminal investigation. This must be determined by the custodian based upon all of the surrounding circumstances. Ordinarily, the investigating law enforcement agency must make the determination whether the investigation is closed or ongoing. If there was an investigation but it is now closed, then the exemption no longer applies and the records will be subject to disclosure. See generally Op. Att'y Gen. 90-295 (concluding that an Arkansas State Police Criminal Investigation Division — Report of Investigation, contained in the personnel file of a former police department employee, is subject to disclosure if in fact the investigation is not ongoing).
It thus becomes apparent that the circumstances under which these records were created present questions of fact that must be answered by the custodian of the records in order to determine whether the records are subject either to the exemption for employee evaluation/job performance records or the law enforcement investigation exemption. Because I believe it is unlikely that the records would be deemed "personnel records," it is my opinion that they should not be evaluated under the "clearly unwarranted invasion of personal privacy" test. See A.C.A. §25-19-105(b)(10).
As a final note, I would point out that certain information in these records is in my opinion exempt from public inspection even if you decide, following the above analysis, that the records themselves are open, public records. I am referring to the references to the employee's medical condition. Although it is not entirely clear whether this information falls within the "medical records" exemption in the FOIA (A.C.A. § 25-19-105(b)(2)), I believe that in any event it likely rises to the level of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). In my opinion, the removal of the medical information contained in these records is compelled either as a constitutional matter or pursuant to the FOIA's medical records exception. Thus, if after applying the above analysis you determine that the records are in fact open under the FOIA, then in my opinion you should nevertheless excise this medical information and make the remainder available for public inspection.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh